Case 1:17-cv-00162   Document 5   Filed on 08/29/17 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ERICK RESENDEZ-RODRIGUEZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-162 |
| | § | Criminal No. B:13-450-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 15, 2017, Petitioner Erick Resendez-Rodriguez filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because the petition is untimely filed and is legally meritless.

### I. Procedural and Factual Background

On June 4, 2013, a federal grand jury – sitting in Brownsville, Texas, – indicted Resendez-Rodriguez for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Resendez-Rodriguez, Criminal No. 1:13-450-1, Dkt. No. 6 (hereinafter "CR").

**A. Rearraignment**

On July 30, 2013, Resendez-Rodriguez appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt.

---

[1] While the indictment alleged that Resendez-Rodriguez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

No. 14.

On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Resendez-Rodriguez's guilty plea. CR Dkt. No. 14.

On November 4, 2013, the District Judge adopted the report and recommendation. CR Dkt. No. 25.

### B. Sentencing

In the final presentence report ("PSR"), Resendez-Rodriguez was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 19, p. 4. Resendez-Rodriguez was also assessed an additional 16-level enhancement because he had a prior conviction for a crime of violence, namely, a 2010 Texas state court conviction for robbery. Id. Resendez-Rodriguez received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Resendez-Rodriguez was assessed a total offense level of 21.

Regarding his criminal history, Resendez-Rodriguez had four adult criminal convictions and was assessed eight criminal history points, resulting in a criminal history category of IV. CR Dkt. No. 19, pp. 6-9. Based upon Resendez-Rodriguez's offense level of 21 and criminal history category of IV, the presentence report identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 12.

On November 4, 2013, the District Court sentenced Resendez-Rodriguez to 71 months of imprisonment, three years of unsupervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 35. The judgment was entered on November 21, 2013. Id.

### C. Direct Appeal

Resendez-Rodriguez timely filed a notice of direct appeal. CR Dkt. No. 27. On direct appeal, Resendez-Rodriguez argued that his "within-guidelines sentence [was] substantively unreasonable because it [was] greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors." CR Dkt. No. 57.

On October 14, 2014, the Fifth Circuit affirmed Resendez-Rodriguez's conviction and sentence. CR Dkt. No. 57.

Neither the Fifth Circuit docket nor the Supreme Court docket reflect the filing of a petition for a writ of certiorari with the Supreme Court.

**D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On August 15, 2017, Resendez-Rodriguez filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Resendez-Rodriguez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

**A. Section 2255**

Resendez-Rodriguez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental

defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

Furthermore, "[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Resendez-Rodriguez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Resendez-Rodriguez's claim.

**A. Timeliness**

At the outset, the Court notes that Resendez-Rodriguez's § 2255 motion is untimely filed. For that reason, it should be dismissed.

On October 14, 2014, the Fifth Circuit affirmed Resendez-Rodriguez's conviction. CR Dkt. No. 57. Resendez-Rodriguez had 90 days from that date – until January 12, 2015 – to file a petition for a writ of certiorari with the Supreme Court. S.Ct. Rule 13. He did not file a petition for a writ of certiorari with the Supreme Court. Accordingly, Resendez-Rodriguez's conviction became final when the deadline expired, i.e., January 12, 2015. U.S. v. Olvera, 775 F.3d 726, 729 (5th Cir. 2015) ("A judgment of conviction becomes final under § 2255(f)(1) when the Supreme Court affirms a conviction on the merits on direct review or

4

denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (internal quotations omitted).

A defendant must file a § 2255 motion within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1). Thus, Resendez-Rodriguez had until January 12, 2016, to timely file his § 2255 petition.

Resendez-Rodriguez certifies that he placed his motion into the prison mail system on July 11, 2017. Dkt. No. 1, p. 3. Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, after taking into account the prison mailbox rule, Resendez-Rodriguez's § 2255 motion was still almost 18 months late.

Section 2255(f)(3) also provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which it initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Thus, Resendez-Rodriguez had until June 26, 2016, to timely file his petition. Thus, even by this standard – given that Resendez-Rodriguez did not file his petition until July 11, 2017 – the petition was untimely filed by over one year.

Furthermore, there is no basis in the record for equitable tolling. Indeed, Resendez-Rodriguez offers no reason why his petition was untimely filed and none is apparent from the record.

Accordingly, Resendez-Rodriguez's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Johnson is Inapplicable

Resendez-Rodriguez asserts that he is entitled to habeas relief in light of the Supreme

5

Court's decision in <u>Johnson v. U.S.</u>, 135 S. Ct. 2551 (2015). In <u>Johnson</u>, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added). The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. See <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Resendez-Rodriguez, none of it applies to his case. Resendez-Rodriguez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 16. Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Resendez-Rodriguez with a vehicle for relief.

**C. <u>Gonzalez-Longoria</u> Affords No Relief**

Resendez-Rodriguez makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

6

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Resendez-Rodriguez may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Resendez-Rodriguez finds no relief under Gonzalez-Longoria.[3] As discussed further below, despite Resendez-Rodriguez's continued focus upon the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), his sentence was not enhanced pursuant to either. Instead, Resendez-Rodriguez's sentence was enhanced pursuant to the term "crime of violence," as defined in the sentencing

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

[3] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague). The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent. Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

guidelines.[4]

On March 6, 2017, the Supreme Court – considering the language Resendez-Rodriguez challenges – held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Beckles v. U.S., __U.S.__, 137 S. Ct. 886, 890 (2017). This decision forecloses any argument seeking to apply the effect of Johnson to the language contained in the Sentencing Guidelines. Accordingly, Resendez-Rodriguez's attempt to attack the "crime of violence" enhancement as being void for vagueness must fail. Accordingly, the claim should be denied.

**D. Sentencing Guidelines Enhancement**

Moreover, an examination of Resendez-Rodriguez's sentence clearly shows that there was no error. For that reason, if no other, his petition should be denied.

Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16 level enhancement was added to Resendez-Rodriguez's offense level, because he had a prior felony conviction for a crime of violence. CR Dkt. No. 26. Resendez-Rodriguez was convicted of second-degree robbery, pursuant to Tex. Penal Code § 29.02, in 2010. CR Dkt. No. 26, p. 1. Robbery is a specifically enumerated crime of violence under the sentencing guidelines. Application Note 1(B)(iii) of Sentencing Guideline § 2L1.2 The Fifth Circuit "has already determined the generic, contemporary meaning of the enumerated offense of robbery" and concluded that the offense of "robbery" – under Texas law – "meets that definition." U.S. v. Ortiz-Rojas, 575 F. App'x 494, 495 (5th Cir. 2014) (unpubl.) (citing U.S. v. Santiesteban–Hernandez, 469 F.3d 376 (5th Cir.2006), abrogated on other grounds by U.S. v. Rodriguez, 711 F.3d 541, 548 (5th Cir. 2013)). Thus, Resendez-Rodriguez's sentence enhancement was not based upon a vague residual clause, but rather was the result of a specifically enumerated crime, that the

---

[4] The Court notes that the definition of "crime of violence," in the sentencing guidelines is substantively identical to the definition found at 18 U.S.C. § 16(a), which has never been constitutionally attacked. U.S. v. Dominguez-Hernandez, 98 F. App'x 331, 334 (5th Cir. 2004) (unpubl.).

Fifth Circuit has previously held is a crime of violence. Accordingly, the 16-level enhancement was proper and Resendez-Rodriguez's claim is meritless.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Erick Resendez-Rodriguez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Resendez-Rodriguez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Resendez-Rodriguez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

9

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 29, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge